UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEMETRIUS D. THOMAS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:14 CV 1923 |
| ST. JOSEPH COUNTY JAIL, et al. | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Demetrius D. Thomas, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. (DE #2.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint, Thomas is an inmate within the Indiana Department of Corrections. He is presently incarcerated at the Westville Correctional Facility. Thomas, an African-American, claims that he was racially harassed by Deputy Raven while housed at the St. Joseph County Jail on July 16, 2014. On this day, Deputy Raven was serving dinner to inmates. As procedure at the St. Joseph County Jail, inmates are called individually to a receive their dinner and, once an individual receives his dinner, an officer checks them off the list with an erasable marker. As Thomas walked up to receive his dinner, he noticed that Deputy Raven had used the marker to draw "a man with a 'noose' around his neck being hung from a tree" on a glass window facing Thomas. (DE #2 at 3.) Thomas told Deputy Raven that his drawing was offensive. Deputy Raven apologized and asked Thomas not to report the incident.

Thomas has brought the instant section 1983 lawsuit against Deputy Raven and the St. Joseph County Jail, alleging Deputy Raven's actions constitute racial harassment and cruel and unusual punishment in violation of his federal constitutional rights. To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "An Eighth

Amendment claim based on the infliction of psychological pain on an inmate requires (1) objectively, sufficiently serious misconduct, and, (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose." *Snow v. List*, No. 11-cv-3411, 2014 WL 1515613 * 1 (C.D. Ill. April 17, 2014)(*citing Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). The subjective element is satisfied here. Based on the allegations, and giving Thomas all inferences to which he is entitled at this stage, Deputy Raven acted as he did in an effort to humiliate and demean Thomas. The question is whether Deputy Raven's misconduct was objectively serious enough to violate Eighth Amendment standards.

Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Likewise, in *Dobbey v. Illinois Department of Corrections*, the plaintiff alleged a white prison guard hung a noose from the ceiling in plain view of black inmates. 574 F.3d 443 (7th Cir. 2009). The guard then swatted at the noose to make it swing back and forth, then sat down in a chair and "crossed his arms looking crazy with evil eyes." In analyzing whether the plaintiff stated a constitutional claim, the court was "mindful of the ugly resonance of the noose, symbolic of the lynching of blacks . . .." *Id*. Nevertheless, the court affirmed the dismissal, reasoning that racial harassment alone, with no realistic threat of harm, was not "cruel and unusual punishment" under Eighth Amendment standards. *Id.* at 446.

> Any harassment of a prisoner increases his punishment in a practical sense, if we equate punishment to the infliction of disutility (and why not?). But harassment, while regrettable, is not what comes to mind when one thinks of "cruel and unusual" punishment. Nor does it inflict injury comparable in gravity to failing to provide a prisoner with adequate medical care or with reasonable protection against the violence of other prisoners. The line between "mere" harassment and "cruel and unusual punishment" is fuzzy, but we think the incident with the noose and the "evil eyes" falls on the harassment side of the line because it was not a credible threat to kill, or to inflict any other physical injury. The case falls well short of *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or *Irving v. Dormire*, *supra*, 519 F.3d at 449-50, where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also Northington v. Jackson, supra*, 973 F.2d at 1524.

*Dobbey*, 574 F.3d at 446.

Even giving Robinson the inferences to which he is entitled at this stage, the conduct he describes does not fall over the line into an Eighth Amendment violation for cruel and unusual punishment. Indeed, he alleges only that Deputy Raven drew one very offensive picture, which Deputy Raven quickly apologized for. Robinson does not allege that he understood the picture to be any sort of threat. Instead, he found the picture to be racially offensive. Regardless, the test for what constitutes "sufficiently serious conduct" is an objective one. There are no allegations that Deputy Raven made any realistic threat of harm. While a hand-drawn picture depicting a man hanging by a noose from a tree is deplorable, it, by itself, is only harassing. *Id*. Without more, Deputy Raven's drawing is not objectively serious enough to constitute an actionable Eighth Amendment claim for cruel and unusual punishment.

4

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

Dated: October 7, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT